Annette BALLARD, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.

No. CIV.A. 03–G–2004–NE.

United States District Court, N.D. Alabama, Northeastern Division.

Aug. 19, 2004.

Darryl W Hunt, Cheryl D Chapman, Clark & James LLC, Birmingham, AL, for Annette Ballard, plaintiff.

Alice H Martin, U.S. Attorney, Lane H Woodke, U.S. Attorney's Office, Birmingham, AL, Mary Ann Sloan, Social Security Administration–Office of General Counsel, Atlanta, GA, for Jo Anne B Barnhart, Commissioner of Social Security Administration, defendant.

### ORDER AWARDING EAJA ATTORNEY'S FEE

GUIN, District Judge.

This cause is before the court upon plaintiff's petition for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. Having considered the petition and the defendant's response thereto, the court is of the opinion plaintiff's petition should be granted in the amount requested. The Commissioner has argued that the prevailing market rate in this district is $125.00 per hour. The undersigned has awarded attorney's fees based upon an hourly rate of $125.00 per hour in cases in which the attorney requested that amount, but this does not mean the court held that to be the prevailing market rate. The undersigned has, to the contrary, consistently determined that a CPI enhanced hourly rate does not exceed the prevailing market rate.

The Commissioner argues that the prevailing market rate "is a rate a consumer might expect to pay." (Comm'r's br. at 3.) The court notes that each and every case cited by the Commissioner involved an EAJA fee petition. The court particularly notes that orders cited by the Commissioner for the proposition that "$125.00 has been found to be a reasonable rate for attorney fees in the Northern District of Alabama, *absent proof to the contrary* " (emphasis added) do not so hold. They merely represent findings by another judge of this court that $125.00 per hour is a reasonable fee. There is no mention of "absent proof to the contrary" in those orders. The citation of awards in EAJA fee petitions is inapposite. The true market rate for attorney's fees for representation in Social Security cases is found in awards under 42 U.S.C. § 406(b). The court takes judicial notice that attorney's fees under 42 U.S.C. § 406(b) are invariably based upon a contingent fee agreement between the attorney and the client, which results in awards of much higher than $125.00 per hour. In the words of the Commissioner, 25% of the amount of award for past due benefits is the "rate a consumer might expect to pay" since that is the amount they invariably do agree to pay.[1] The court takes judicial

---

1. The court is not aware of a single case in which a section 406(b) award was based upon

notice of the fact that awards in such cases often greatly exceed $150.00 per hour. Even allowing for the contingent nature of such awards, the court without difficulty finds that the prevailing market rate for representation in Social Security cases is greater than the statutory amount of $125.00 after adjustment of inflation. Therefore, the court will award a fee based upon a CPI enhanced hourly rate of $147.63 per hour. The court finds that the CPI adjusted hourly rate requested does not exceed the prevailing market rate for similar services provided by attorneys of reasonably comparable skills, experience, and reputation and that an adjustment based upon the Consumer Price Index is appropriate. Accordingly, it is

ORDERED, ADJUDGED and DE-CREED that plaintiff's attorney is hereby awarded an attorney's fee in the amount of $2,672.10 for representation of plaintiff in the above styled cause.

an hourly fee arrangement between the lawyer and client.